EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Ex Parte: <br><br> International Broadcasting Corp. Y Aerco Broadcasting Corp. | 2013 TSPR 136 <br><br> 189 DPR ____ |

Número del Caso: MC-2013-61


Fecha: 25 de noviembre de 2013


Abogado de los Peticionarios:

      Lcdo. Juan H. Saavedra Castro


Materia: Resolución del Tribunal con Voto

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ex Parte

MC-2013-061

International Broadcasting Corp.
y Aerco Broadcasting Corp.

RESOLUCIÓN

San Juan, Puerto Rico, a 25 de noviembre de 2013.

Por estar el Tribunal igualmente dividido, se deniega la *Moción al Amparo de la Sección 7 del Artículo V de la Constitución del Estado Libre Asociado de Puerto Rico y el Canon 15 de Ética Judicial*.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. El Juez Presidente señor Hernández Denton, la Jueza Asociada señora Fiol Matta y los Jueces Asociados señores Martínez Torres y Kolthoff Caraballo denegarían la moción. El Juez Asociado señor Martínez Torres emitió un Voto Particular de Conformidad, al cual se unió el Juez Presidente señor Hernández Denton. El Juez Asociado señor Estrella Martínez disiente porque considera que, como mínimo, una mayoría de este Tribunal debió conceder un término a la parte peticionaria y a la representación legal del Sr. Pablo Casellas para que se expresaran en torno a cómo el derecho de libertad de prensa e información puede afectar o no los derechos constitucionales del acusado a un juicio justo e imparcial, previo a denegar la petición para radiodifundir el proceso criminal. Al no adoptarse ese curso de acción y rechazarse de plano la petición, se reafirma en sus expresiones contenidas

en el Voto Particular de Conformidad emitido en Ex parte: Asociación de Periodistas de Puerto Rico (ASPRO), et als., res. 4 de noviembre de 2013, 2013 T.S.P.R. 127, 189 D.P.R.___ (2013); In re: Enmda. Canon 15 Ética Judicial, res. 19 de abril de 2013, 2013 T.S.P.R. 45, 188 D.P.R.___ (2013). El Juez Asociado señor Rivera García se une a las expresiones del Juez Asociado señor Estrella Martínez únicamente en cuanto le concedería un término a las partes para que se expresen en torno a cómo el derecho de libertad de prensa e información puede incidir los derechos constitucionales del acusado a un juicio justo. La Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Feliberti Cintrón se unen a las expresiones del Juez Asociado señor Rivera García. La Juez Asociada señora Rodríguez Rodríguez no interviene.


Camelia Montilla Alvarado
Secretaria del Tribunal Supremo Interina

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ex Parte:

International Broadcasting
Corp. y Aerco Broadcasting,
Corp.

MC-2013-061

Voto particular de conformidad emitido por el Juez Asociado señor MARTÍNEZ TORRES a la cual se une el Juez Presidente señor HERNÁNDEZ DENTON

En San Juan, Puerto Rico, a 25 de noviembre de 2013.

En el voto de conformidad que emití en Ex Parte: Asociación de Periodistas de Puerto Rico y otros, res. el 4 de noviembre de 2013, 2013 T.S.P.R. 127, 2013 J.T.S. 130, 189 D.P.R. __ (2013), me expresé a favor de la nueva política pública de este Foro que busca garantizar la transparencia de los procedimientos judiciales. Para alcanzar ese propósito, esta Curia enmendó el Canon 15 de Ética Judicial en In re Enmda. Canon 15 Ética Judicial, res. el 19 de abril de 2013, 2013 T.S.P.R. 45, 2013 J.T.S. 48, 188 D.P.R. __ (2013). A tono con la nueva normativa, se creó en In re Enmda. Canon 15 Ética Judicial, íd., un "Programa experimental para el uso

de cámaras fotográficas y de equipo audiovisual de difusión por los medios de comunicación en los procesos celebrados en las salas de recursos extraordinarios del Centro Judicial de San Juan". Asimismo, se creó un Reglamento para regir el programa experimental.

Esta postura ha sido consecuente. Debemos utilizar los adelantos tecnológicos disponibles para cubrir los procedimientos judiciales. Sin embargo, la consecución de ese objetivo no puede desembocar en la interrupción del proceso judicial ni el menoscabo de la sana administración de la justicia.

Los peticionarios nos solicitan permiso para radiodifundir el caso <u>Pueblo de Puerto Rico v. Pablo Casellas Toro</u>, y señalan que solo necesitan conectarse con el sistema de micrófonos ya existente que opera en la propia sala del tribunal. Sin embargo, no podemos tomar en consideración únicamente a los medios de radiodifusión. De conceder la solicitud deberíamos poder extenderla también al resto de los medios de comunicación incluyendo los visuales. No obstante, **el caso está muy adelantado** en términos procesales. Por eso, no podemos acceder a lo solicitado. Adviértase que en ese caso ya culminó el proceso de desinsaculación del jurado y **el juicio está por comenzar.** En términos de planificación y logística, la instalación del sistema audiovisual en la sala del Tribunal de Primera Instancia que va a atender ese juicio no se hace de un día para otro. También es necesario que los técnicos que operen el sistema de micrófonos y cámaras ausculten de antemano con el juez encargado del caso cuáles

partes del proceso están autorizados a difundir. Por eso, es muy importante que los medios de prensa comprendan que las solicitudes hechas al amparo del Canon XV de Ética Judicial, 4 L.P.R.A. Ap. IV-B, deben tramitarse con tiempo de forma que se pueda planificar su implementación.

Así pues, acceder a lo que solicita la parte peticionaria en este caso **significaría dilatar el comienzo del juicio contra el Sr. Pablo Casellas Toro** ya que hay que tomar medidas que pueden tomar tiempo en implementarse. Así pues, es forzoso concluir que, en esta etapa de los procedimientos, la transmisión del juicio del señor Casellas Toro desembocaría en la interrupción indebida de los procesos judiciales.

Como mencioné en Ex Parte: Asociación de Periodistas de Puerto Rico y otros, supra, estoy comprometido con "abrir las puertas de la Rama Judicial para mantener informado al Pueblo de Puerto Rico sobre los procedimientos que se desarrollan en nuestros tribunales". No obstante, el trámite necesario para alcanzar ese fin tiene que realizarse de manera organizada. La transmisión desorganizada de un juicio penal puede incidir sobre los derechos del acusado. Por eso, reglamentar su difusión a través de los medios audiovisuales es un asunto más complicado que difundir un acto de lectura de sentencia, como lo autorizamos en Ex Parte: Asociación de Periodistas de Puerto Rico y otros, supra. Ante el impacto que la difusión mediática puede tener sobre el juicio, lo ideal es que todo esto se reglamente en su día, si este Tribunal lo entiende necesario, mediante un protocolo que haga un balance entre la

capacidad de mantener informado al público utilizando los nuevos métodos audiovisuales con el derecho del acusado y el interés social en que se conduzca un proceso penal justo e imparcial. Este no es el momento para improvisar.


                          RAFAEL L. MARTÍNEZ TORRES
                                Juez Asociado